### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **NEXT LEVEL SPORTSYSTEMS INC.,** a Pennsylvania Corporation, <br><br> Plaintiff, <br><br> v. <br><br> **S&S ACTIVEWEAR LLC**, a foreign Illinois limited liability company, **YS GARMENTS LLC** d/b/a **NEXT LEVEL APPAREL**, a California limited liability company, **YOSEF SIMSOLY** a/k/a **JOE SIMSOLO**, an Individual California Resident, **BRODER BROS. CO.** d/b/a **ALPHABRODER**, an Illinois foreign corporation, **WHOLESALE PRINTABLES LTD**, a Louisiana corporation, **ATLANTIC COAST COTTON INC.**, a Virginia corporation, **AMERICAN T-SHIRT CO. INC.** a Hawaii corporation, **GOLDEN STATE T'S INC.** d/b/a **GOLDEN STATE ACTIVEWEAR**, a California corporation, **MCCREARY-PEW INC.** d/b/a **MCCREARY'S TEES**, an Arizona corporation, **PRINTGEAR SPORTSWEAR DISTRIBUTORS INC.**, a South Carolina corporation, **STATON HOLDINGS INC.** d/b/a **STATON CORPORATE AND CASUAL**, a Texas corporation, **THINC ACTIONWEAR INC.**, an Oregon corporation, **TSF SPORTSWEAR LLC**, a Florida limited liability company, **MISSION IMPRINTABLES INC.**, a California corporation, **HERITAGE SPORTSWEAR INC.**, an Ohio corporation, **CAROLINA MADE INC.**, a North Carolina corporation, **ALL AMERICAN TEES INC.**, a Texas corporation, **OTHER JOHN DOE ENTITIES**, and **OTHER JOHN AND JANE DOES**, all of whom are currently unknown. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

The Plaintiff, Next Level Sportsystems, Inc. ("NLS"), by and through its undersigned counsel, brings this complaint against the above-listed Defendants alleging as follows:

### NATURE OF ACTION

1.      This is an action for relief under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§ 1114, 1117, and 1125, for trademark infringement, false designation of origin, false description or representation, false advertising, and related unfair

competition. Plaintiff also asserts claims under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq., and under Illinois common law for trademark infringement, unfair competition, and commercial disparagement.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a), and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction.

3.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c), in that a substantial part of the events giving rise to the claims occurred in this district and multiple of the defendants are subject to the personal jurisdiction of this district.

## THE PARTIES

4.    Plaintiff, NLS is a Pennsylvania corporation with its principal place of business in Langhorne, Pennsylvania.

5.    Upon information and belief, YS Garments is a California corporation with an additional distribution center in Alabama.

6.    Upon information and belief, Mr. Simsoly is an individual resident of California, is the founder of YS Garments, is the past President and current Manager of YS Garments, has been the central figure in the company, and is actively involved in running and directing the business of YS Garments.

7.    Upon information and belief, Alphabroder is a foreign corporation of Illinois with its principle place of business in Pennsylvania and additional distribution centers in Colorado, Georgia, Florida, California, Kansas, Massachusetts, Texas, and Washington.

8.     Upon information and belief, S&S Activewear is an Illinois limited liability company with additional distribution centers in Kansas, New Jersey, Texas, Utah, Tennessee, California, and Texas.

9.     Upon information and belief, Wholesale Printables is a Louisiana corporation.

10.    Upon information and belief, Atlantic Coast Cotton is a Virginia corporation.

11.    Upon information and belief, American T-Shirt Co. is a Hawaii corporation.

12.    Upon information and belief, Golden State Activewear is a California corporation.

13.    Upon information and belief, McCreary's Tees is an Arizona corporation.

14.    Upon information and belief, Printgear Sportswear Distributors is a South Carolina corporation.

15.    Upon information and belief, Staton Corporate and Casual is a Texas corporation with an additional distribution center in Tennessee.

16.    Upon information and belief, Thinc Actionwear is an Oregon corporation.

17.    Upon information and belief, TSF Sportswear is a Florida limited liability company with additional distribution centers in Alabama, Kentucky, and Texas.

18.    Upon information and belief, Mission Imprintables is a California corporation.

19.    Upon information and belief, Heritage Sportswear is an Ohio corporation with additional distribution centers in Florida, Indiana, and Virginia.

20.    Upon information and belief, Carolina Made is a North Carolina corporation.

21.    Upon information and belief, All American Tees is a Texas corporation.

## FACTUAL BACKGROUND

22.     NLS purchased and began using the mark NEXT LEVEL in commerce in connection with the sale of apparel in 1998.

23.     NLS filed an application to federally register its mark NEXT LEVEL on January 30, 2007.

24.     NLS' application for registration was approved on September 23, 2008, under Registration Number 3503550 (attached as Exhibit A).

25.     On April 19, 2010, NLS recorded an Assignment of an Undivided Part of Assignor's Interest, in which NLS assigned a 30% interest in the mark to Sierra Sportswear Inc.

26.     NLS' Registration reached the age of incontestability in 2014.

27.     From 1998 to date, NLS has continuously used its mark in commerce in connection with the goods for which it is registered with the United States Patent and Trademark Office ("**USPTO**").

28.     NLS and each of the Defendants are engaged in the manufacturing, marketing, promotion, and (whole)sale of apparel, including but not limited to t-shirts; long sleeve shirts; tank tops; and sweat pants.

29.     The Defendants collectively make up the manufacturing, importing, and wholesale distribution network of the apparel at issue ("**Infringing Goods**"), a visual representation of which is attached as Exhibit B.

30.     Upon information and belief, YS Garments, the importer and manufacturer of the Infringing Goods, was registered as a corporation in the state of California in 2003 and began trading under the assumed business name NEXT LEVEL APPAREL shortly thereafter.

31.     Upon information and belief, YS Garments filed an application to federally register the mark NEXT LEVEL APPAREL on June 22, 2009.

32.     On September 26, 2009, the Examining Attorney for YS Garments' application issued an office action refusing the registration of the applied for mark based on a likelihood of confusion with NLS' already registered mark (included in Exhibit C).

33.     The submitted application was deemed as "abandoned" by the USPTO on April 28, 2010, due to YS Garments' failure to respond to the issued office action.

34.     On December 12, 2012, by and through counsel of Buchalter Nemer APC, a California based law firm, YS Garments filed a petition for cancellation against NLS' Registration, citing abandonment of the mark (included in Exhibit D).

35.     The filed petition named both NLS and Sierra Sportswear Inc. as the Registrants of the mark.

36.     On January 11, 2013, while still in the cancellation proceedings, YS Garments filed a second application to federally register the mark NEXT LEVEL APPAREL.

37.     On April 25, 2013, the Examining Attorney for the application again issued an office action refusing the marks registration due to a likelihood of confusion with NLS' already registered mark (included in Exhibit C).

38.     In October of 2013, while still in the cancellation proceedings, YS Garments and NLS engaged in short-lived settlement negotiations in which YS Garments made an offer to acquire the rights of usage in and ownership to the mark.

39.     The parties were unable to reach an agreement, and YS Garments voluntarily withdrew, with prejudice, its petition to cancel NLS' Registration on December 10, 2013, four days after YS Garments' 30-day trial period [in the cancellation proceedings] ended.

40.     Immediately following YS Garments' voluntary withdrawal, NLS, having significantly fewer resources than YS Garments and being financially depleted from fighting YS Garments' petition to cancel, unsuccessfully sought legal counsel to pursue an infringement claim against YS Garments.

41.     Later in 2014, NLS was able to engage counsel to send a cease and desist letter to counsel for YS Garments (attached as Exhibit E), which was dated September 12, 2014, and articulated NLS' current and expected future use of the mark in commerce.

42.     To date, YS Garments has not responded to or acknowledged said cease and desist letter.

43.     In 2017, YS Garments filed four new federal registration applications using different variations of NEXT LEVEL: Next Level America (Jan.); NL Next Level Apparel (Mar.); NL Next Level Sustainable (Nov.); and Next Level Sustainable (Nov.).

44.     Each of the YS Garments' 2017 applications were issued office actions refusing registration on the grounds of likelihood of confusion with NLS' Registration (each included in Exhibit C).

45.     On December 20, 2017, YS Garments, still through its counsel at Buchalter, filed a second petition for cancellation of NLS' Registration, citing abandonment and fraud as the grounds for cancellation (included in Exhibit D).

46.     The second initial petition filed by YS Garments did not, however, name NLS as a Registrant, it only named Sierra Sportsystems.

47.     In that petition, YS Garments, despite its knowledge of and interactions with NLS, pointed to two court proceedings involving Sierra Sportswear, in which an included party asserted that Sierra Sportswear ceased doing business in 2012, as evidence of abandonment of the mark and in support of its allegation that the Declaration of Use and Incontestability filed on May 28, 2014, was done so fraudulently.

48.     At all times, NLS has been listed as the owner of record for the Registration and has filed all Declarations of Use, including the 2014 Declaration that made no mention of Sierra Sportswear.

49.     The petition to cancel is ongoing.

50.     In August 2018, YS Garments received approximately $380 million in recapitalization from a private equity fund managed by Blue Point Capital Partners.

51.     In connection with the transaction, YS Garments recorded an Intellectual Property Security Agreement (attached as Exhibit F), pledging, in part, the four marks/applications listed in paragraph 43 as collateral for its debt obligation.

52.     As a result of the recapitalization, Defendants have collectively articulated an expectation of materially increased levels of manufacturing, importing, and selling the Infringing Goods.

### COUNT I — LIKELIHOOD OF CONFUSION (REVERSE) UNDER THE LANHAM ACT

53.     NLS incorporates herein each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein.

54.     Defendants' aforesaid acts constitute use of a word, term, name, symbol or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that has likely caused, and is likely to cause, confusion, mistake, or deception as to affiliation, connection, association, origin, sponsorship, or approval between them and NLS, and/or NLS' respective products and trademarks.

55.     Defendants' aforesaid acts constitute use of a word, term, name, symbol or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that has likely caused, and is likely to cause, confusion, mistake, or deception in that Defendants' statements and actions falsely claiming to be the owner of the NEXT LEVEL trademark will cause NLS to wrongly be perceived as an unlawful infringer of YS Garments' alleged trademark rights in the character name NEXT LEVEL for clothing and apparel.

56.     Defendants' aforesaid acts constitute infringement, unfair competition, false designation of origin, false description and/or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Defendants' aforesaid acts have harmed NLS including causing damage to its reputation and goodwill and its ability to commercialize its rightfully owned trademark.

58.     Upon information and belief, Defendants' aforesaid acts were knowing, intentional, and willful in that Defendants, with full knowledge of NLS' Registration, have consistently ignored NLS' senior rights to the NEXT LEVEL mark, even despite NLS' attempts to stop such infringement.

59.     Defendants' aforesaid acts have caused and will cause irreparable injury to NLS, and unless said acts are restrained by this Court, they will be continued and NLS will continue to suffer irreparable injury.

60.     NLS has no adequate remedy at law.


**COUNT II — FALSE ADVERTISING UNDER THE LANHAM ACT**

61.     NLS incorporates herein each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein.

62.     Defendants' aforesaid acts constitute use of a word, term, name, symbol or device, or a combination thereof; or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which misrepresents the nature characteristics or qualities of Defendants' goods or commercial activities and/or NLS' goods or commercial activities in that Defendants' false claims to be the owner of the NEXT LEVEL mark will cause NLS to wrongly be perceived as an infringer of YS Garments' alleged trademark rights in the character name NEXT LEVEL for clothing and apparel.

63.     Defendants' aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' aforesaid acts have harmed NLS including causing damage to its reputation and goodwill.

64.     Upon information and belief, Defendants' aforesaid acts were knowing, intentional and willful in that when making and authorizing the false statements, Defendants' knew of, but ignored, NLS' senior rights to the NEXT LEVEL mark.

65.     Defendants' aforesaid acts have caused and will cause irreparable injury to NLS, and unless said acts are restrained by this Court, they will be continued and NLS will continue to suffer irreparable injury.

66.     NLS has no adequate remedy at law.

**COUNT III - VIOLATION OF THE ILLINOIS**
**UNIFORM DECEPTIVE TRADE PRACTICES ACT**

67.     NLS incorporates herein each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein.

68.     Defendants have engaged in deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510 et seq., by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, certification, affiliation, connection or association of Defendants and NLS and/or Defendants' products and NLS' products each bearing the NEXT LEVEL trademark, or by disparaging NLS and/or its products in that Defendants' false claims to be the owner of the NEXT LEVEL mark will cause NLS to wrongly be perceived as an infringer of Defendants' alleged trademark rights in the character name NEXT LEVEL for clothing and apparel.

69.     Defendants' aforesaid acts have harmed NLS including causing damage to its reputation and goodwill.

70. Upon information and belief, Defendants' aforesaid acts were knowing, intentional and willful in that when using the NEXT LEVEL mark, and when making and authorizing the false statements, Defendants' knew of, but ignored, NLS' senior rights to the NEXT LEVEL mark.

71. Defendants' aforesaid acts have caused and will cause irreparable injury to NLS, and unless said acts are restrained by this Court, they will be continued and NLS will continue to suffer irreparable injury.

72. NLS has no adequate remedy at law.

### COUNT IV - VIOLATION OF THE ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

73. NLS incorporates herein each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein.

74. Defendants' aforesaid acts constitute deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510, et seq., and therefore violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq.

75. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns. Unless said acts are restrained by this Court, the deceptive business practices will continue and the public will continue to be injured.

76. Defendants' aforesaid acts have harmed NLS including causing damage to its reputation and goodwill. Upon information and belief, Defendants' aforesaid acts were knowing, intentional and willful in that when using the NEXT LEVEL mark, and when making and authorizing the false statements, Defendants' knew of, but ignored, NLS' senior rights to the NEXT LEVEL mark.

77. Defendants' aforesaid acts have caused and will cause irreparable injury to NLS, and unless said acts are restrained by this Court, they will be continued and NLS will continue to suffer irreparable injury.

78.     NLS has no adequate remedy at law.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

79.     NLS incorporates herein each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein.

80.     Defendants' aforesaid acts constitute infringement, misappropriation, and misuse of NLS' NEXT LEVEL mark, as well as unfair competition against NLS, all in violation of NLS' rights under the common law of Illinois.

81.     Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, origin, sponsorship, approval or association of NLS, Defendants, and/or their respective NEXT LEVEL products or trademarks.

82.     Defendants' aforesaid acts have harmed NLS including causing damage to its reputation and goodwill.

83.     Upon information and belief, Defendants' aforesaid acts were knowing, intentional and willful in that when using the NEXT LEVEL mark, Defendants knew of, but ignored, NLS' senior rights to the NEXT LEVEL mark.

84.     Defendants' aforesaid acts have caused and will cause irreparable injury to NLS, and unless said acts are restrained by this Court, they will be continued and NLS will continue to suffer irreparable injury.

85.     NLS has no adequate remedy at law.

## COUNT VI — COMMON LAW TRADE DISPARAGEMENT

86.     NLS incorporates herein each and every allegation set forth in Paragraphs 1 through 52 as if fully set forth herein.

87.     Defendants' aforesaid acts constitute trade disparagement under Illinois common law in that Defendants' false claims to be the owner of the NEXT LEVEL mark will cause NLS to wrongly be perceived as an infringer of YS Garments' alleged trademark rights in the character name NEXT LEVEL for clothing and apparel.

88.     Defendants' aforesaid acts have harmed NLS including causing damage to its reputation and goodwill.

89.     Upon information and belief, Defendants' aforesaid acts were knowing, intentional and willful in that when making and authorizing the statements, Defendants knew of, but ignored, NLS' senior rights to the NEXT LEVEL mark.

90.     Defendants' aforesaid acts have caused and will cause irreparable injury to NLS, and unless said acts are restrained by this Court, they will be continued and NLS will continue to suffer irreparable injury.

103.    NLS has no adequate remedy at law.

**WHEREFORE,** the Plaintiff, Next Level Sportsystems, Inc. prays:

A.     That this Court will adjudge that NLS' NEXT LEVEL trademark has been infringed as a direct and proximate result of the acts of Defendants' as set forth in this Complaint, in violation of NLS' rights under the Lanham Act, 15 U.S.C. § 1125, et seq., the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq. and the Illinois common law;

B.     That this Court will adjudge that Defendants have competed unfairly, engaged in deceptive trade and business practices, committed consumer fraud, committed false advertisement and disparaged NLS and its products as set forth in this Complaint, in violation of NLS' rights under the Lanham Act, 15 U.S.C. § 1125, et seq., the Illinois Uniform Deceptive Trade Practices Act, 815

ILCS 510, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq., and the Illinois common law;

      C.      That each of the Defendants' and, as applicable, all of their respective officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained from the acts complained of herein;

      D.      That Defendants be required to deliver up for destruction all packaging, labels, promotional materials, advertisements, and other materials that bear the NEXT LEVEL mark, or any trademark confusingly similar to NLS' NEXT LEVEL mark.

      E.      That Defendants be directed to file with this Court and to serve upon NLS within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C and D.

      F.      That NLS recover Defendants' profits, or alternatively recover a reasonable royalty on Defendants' gross sales;

      G.      That NLS recover the damages it suffered;

      D.      That, due to Defendants' willful actions and intentional disregard for NLS' rights, and to deter future infringement, the Court increase the damages and profits awarded under the Lanham Act;

      E.      That, due to Defendants' willful actions and intentional disregard for NLS' rights, and to deter future infringement, the Court award punitive damages pursuant to Illinois State statutes and common law;

      F.      That NLS recover pre-judgment and post-judgment interest on each and every award.

      G.      That NLS recover its reasonable attorney fees incurred in this action and in defending YS Garments' petition to cancel NLS' Registration.

H.      That NLS have and recover its taxable costs and disbursements incurred in this action.

I.      That NLS have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Next Level Sportsystems, Inc. demands a jury trial on the claims set forth in this Complaint.

Respectfully submitted,

**NEXT LEVEL SPORTSYSTEMS, INC.**

By: /s/ Jamal Jackson
One of its Attorneys

Jamal Jackson
Jackson Corporate Law, P.C.
190 S. La Salle St., Suite 430
Chicago, IL 60603
p: (312) 433-9978
f: (312) 586-7604
JJackson@JacksonCorporateLaw.com