UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEXT LEVEL SPORTSYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> S&S ACTIVEWEAR, LLC; YS GARMENTS, LLC; YOSEF SIMSOLY; BRODER BROS. CO.; WHOLESALE PRINTABLES LTD.; ATLANTIC COAST COTTON, INC.; AMERICAN T-SHIRT CO. INC.; GOLDEN STATE T'S INC.; MCCREARY-PEW INC.; PRINTGEAR SPORTSWEAR DISTRIBUTORS INC.; STATON HOLDINGS INC.; TSF SPORTSWEAR, LLC; MISSION IMPRINTABLES INC.; HERITAGE SPORTSWEAR INC.; CAROLINA MADE INC.; TSC APPAREL LLC; and SLC ACTIVEWEAR INC., <br><br> Defendants. | No. 18 C 5926 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Next Level Sportsystems, Inc., alleges trademark infringement against YS Garments LLC, and various distributors of YS's products. YS has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join Sierra Sportswear, Inc., co-owner with Next Level of the trademark at issue. R. 17. That motion is granted.

Joinder is governed by Federal Rule of Civil Procedure 19. Rule 19 asks whether a party is (1) necessary, and should be joined, and then if the party cannot be feasibly joined, whether the party is (2) indispensable, such that the case cannot

in "equity and good conscience" proceed without that party and must be dismissed. *See Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001).

Next Level argues that Sierra is not a required party under Rule 19, subsection (a), because Sierra's interests are adequately protected by Next Level. *See* R. 41 at 4. But regardless of whether Next Level can adequately protect Sierra's interests, this action certainly may "impair or impede" those interest. Fed. R. Civ. P. 19(a)(1)(B)(i). A potential outcome of this case is the invalidation of Next Level's trademark, which would "impair or impede" Sierra's ability to protect its ownership interest in the trademark.

Rule 19 also provides that a party is required if the party's absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). Here, a judgment in YS's favor would only be good as against Next Level. Sierra, not being a party, could still sue to protect the trademark, creating the potential for multiple and inconsistent judgments. Next Level argues that this risk is not "substantial" because Sierra's owner is "believed to be living in India" and has been unreachable. *See* R. 41 at 5. But Next Level also acknowledges that both Sierra and its owner have had judgments entered against them by courts in New York. *See* R. 41-3. It is possible that Sierra's assets—including its ownership interest in the trademark—could be used to satisfy those judgments. In that case, a new party would have an interest in this case. The Court does not perceive this risk to be insubstantial. Thus, the Court

finds that Sierra is a required party under Rule 19(a), and should be required to join the case, even if involuntarily.

YS argues that involuntary joinder of a trademark co-owner is not appropriate. R. 17 at 6-7. YS cites Federal Circuit precedent that patent co-owners have a right to impede infringement actions by not joining such actions. The Federal Circuit has held that this substantive right of patent law "trumps" Federal Rule of Civil Procedure 19. *STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014). YS argues that the Court should follow this precedent because courts frequently apply principles of patent law to trademark disputes. *See, e.g., Shima Am. Corp. v. S.M. Arnold, Inc.*, 1989 WL 65014, at *4 n.1 (N.D. Ill. June 7, 1989) ("Rule 19 principles developed in the context of patent actions are wholly applicable to trademark actions."); *Pure Food Prod., Inc. v. Am. Bakeries Co.*, 1972 WL 19316, at *1 (N.D. Ill. Nov. 28, 1972) ("There is little authority on the question of who must be joined in trademark infringement actions, but the few decided cases indicate that the same general rules developed in patent and copyright litigation should be applied here."); *see also Reynolds v. Banks*, 2012 WL 2524332, at *5 (E.D. Mich. June 29, 2012) ("The well-accepted rationale requiring the joinder of co-owners of patents in a patent infringement suit also has been found to apply in cases involving trademark infringement[.]") (citing cases); 7 Fed. Prac. & Proc. Civ. § 1614 (3d ed.) ("Actions concerning patents, copyrights, and trademarks commonly are suits for infringement or declaratory-judgment actions seeking to establish noninfringement or invalidity. In either case the rules for determining who must be joined are the same.").

The Court declines the invitation to follow the Federal Circuit's precedent. The Federal Circuit's disregard of Rule 19 has been repeatedly questioned by Federal Circuit judges. *See STC.UNM*, 754 F.3d at 947-51 (Newman, J., dissenting); *Advanced Video Techs. LLC v. HTC Corp.*, 879 F.3d 1314, 1319 (Fed. Cir.) (O'Malley, J., concurring), *cert. denied*, 139 S. Ct. 414 (2018). Besides their concern with the priority of Rule 19, these judges and other commentators have also questioned the underlying logic of the rule against involuntary joinder. *See* 7 Fed. Prac. & Proc. Civ. § 1614 (3d ed.) ("[Prohibiting involuntary joinder of a patent co-owner] leads to the anomalous result that an exclusive licensee is better protected against infringement than is a co-owner. Moreover, that result is arrived at only by disregarding the underlying policy of the involuntary-plaintiff principle—the amelioration of the hardship that results when a patentee or a copyright owner refuses to join in an action. Therefore, it seems preferable in this instance to disregard the distinction between owners and licensees and accord the co-owner-plaintiff the benefit of the involuntary-plaintiff procedure. It also seems desirable to deny a motion to dismiss when the analysis required by Rule 19(b) indicates that the absent co-owners ought not be regarded as indispensable."). At bottom, Federal Circuit patent decisions are merely persuasive authority in this case, whereas Rule 19 is mandatory. Thus, the Federal Circuit precedent cited by YS does not change the Court's finding that Sierra should be joined in this case.

Rule 19(b), however, contemplates that a case may proceed without joinder of a required party if "joinder is not feasible" and "equity and good conscience" so

4

permits. Next Level contends that joinder of Sierra is not feasible "because [Next Level] cannot locate Sierra [and] personal jurisdiction doesn't exist and cannot be obtained by [Next Level]." R. 41 at 6. A lack of personal jurisdiction is a sufficient basis to find that joinder is not feasible. *See Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 634 (7th Cir. 2009). But Next Level does not make any argument in support of its contention that the Court does not have personal jurisdiction over Sierra.

Nevertheless, even assuming Next Level is correct that the Court lacks personal jurisdiction over Sierra, the Court does not find that it proper for this case to proceed without Sierra. One of the relevant factors identified by Rule 19(b) is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). The Court has already discussed that YS—which is of course an "existing party"—could be prejudiced by multiple inconsistent judgments if Sierra is not joined. This is a sufficient basis to find that Sierra is an indispensable party. *See Escamilla v. M2 Tech., Inc.*, 536 Fed. App'x 417, 423 (5th Cir. 2013); *Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, 2011 WL 7807548, at *10 (S.D. Fla. July 26, 2011); *Pure Food*, 1972 WL 19316.

Furthermore, it appears that Next Level has "an adequate remedy" if this case is dismissed. *See* Fed. R. Civ. P. 19(b)(4). Sierra is a registered New York corporation. *See* R. 48-1. As such, it can be served through the New York Secretary of State. *See* NYBCL § 306(b)(1). Filing this action in New York would enable Sierra to be joined and served even though Sierra's owner cannot be located. This would remedy the concern at issue here that YS could be exposed to inconsistent judgments without

5

Sierra's joinder. The feasibility of joining Sierra in a case in New York means that this case should be dismissed.

**Conclusion**

YS's motion to dismiss for failure to join, R. 17, is granted. The case is dismissed without prejudice. In light of this decision, YS's motion to sever, transfer, and stay, R. 20, is denied as moot.

Additionally, a letter from counsel for the court appointed receiver for defendant Heritage Sportswear, Inc., informing the Court that Heritage is in bankruptcy proceedings in Georgia, was entered on the docket as a "motion to stay." R. 53. That "motion" is also denied as moot.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 7, 2019